UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|                                    |   |                                      |
|------------------------------------|---|--------------------------------------|
| LAWRENCE J. BOZEK,                 | : | CASE NO. 5:20-cv-00207               |
|                                    | : |                                      |
| Petitioner,                        | : | OPINION & ORDER                      |
|                                    | : | [Resolving Docs. 16, 17, 20, 21]     |
| v.                                 | : |                                      |
|                                    | : |                                      |
| WARDEN LASHANN EPPINGER,           | : |                                      |
|                                    | : |                                      |
| Respondent.                        | : |                                      |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Lawrence j. Bozek currently serves a 22-year sentence after attempted murder and felonious assault convictions.  In this petition for a writ of habeas corpus under 28 U.S.C. § 2254,[1] Bozek argues that the trial court violated the Double Jeopardy Clause when it did not merge the attempted murder counts, the felonious assault counts, and the attendant firearm specifications for sentencing purposes.[2]

Magistrate Judge Grimes recommended this Court deny Bozek's petition.[3]  Bozek timely objected to the Report and Recommendation.[4]  This Court reviews the objected-to portions *de novo*.[5]

For the following reasons, the Court **OVERRULES** Bozek's objections, **ADOPTS** Magistrate Judge Grimes' Report and Recommendation, and **DENIES** Bozek's habeas corpus petition.[6]

---

[1] This is Bozek's second federal habeas petition.
[2] Doc. 1.
[3] Doc. 16.
[4] Doc. 17.
[5] 28 U.S.C. § 636(b)(1)(C).
[6] The Court also grants, in part, Bozek's motion for leave to file his reply instanter (Doc. 21).  The Court takes his reply instanter (Doc. 19) into consideration, but does not permit Respondent to file another response.  The Court dismisses Doc. 20 as mooted.

Case No. 5:20-cv-00207
GWIN, J.

## I.    Background

### A.  Factual Background

On May 4, 2010, Bozek shot his wife, Melinda Bozek, numerous times.  Bozek first shot Melinda Bozek multiple times in the chest/abdomen area.  Melinda Bozek told Bozek, "I can't believe you shot me. I can't believe you shot me."  She walked to the chair by an end table, reached for the phone on the end table, dropped the phone, went behind the chair to pick it up, then dialed 911.  Before victim Melinda Bozek dialed 911, Defendant Bozek shot her in the leg.[7]

Melinda Bozek told the 911 dispatcher that Bozek went "upstairs."  She stayed on the line with the 911 dispatcher for one minute and thirty seconds.  Nothing occurred during that time.  According to the trial court, Defendant Bozek went upstairs.  More than likely, he went upstairs to reload his gun.[8]  Upstairs, officers found a drawer that was pulled out.  It contained an opened box of ammunition that matched the ammunition found in Defendant Bozek's gun. The trial court also found that after Bozek returned downstairs, he shot Melinda Bozek's phone out of her hand.  The shot caused injuries to her hand and damages to the phone.  The 911 dispatcher also heard a gunshot right before Melinda Bozek's phone went dead.  When Melinda got up, Bozek shot at her again and the bullet grazed the top of her head.  Despite having been shot numerous times, Melinda Bozek then left the house.

### B.  Procedural History

This case has a long procedural history.  The Court only summarizes the relevant parts.

---

[7] Docs. 1-4 at 8-9 (PageIDs 29-30), 16 at 2-3 (PageIDs 1065-1066).
[8] Doc. 6-2 at 319 (PageID 986).

Case No. 5:20-cv-00207
GWIN, J.

In April 2017, the trial judge found Bozek guilty of two attempted murder counts and two felonious assault counts, along with four firearm specifications.

The trial court subsequently sentenced Bozek to twenty-two years in prison.  More specifically, the trial court sentenced him to five years in prison for each attempted murder conviction, three years for each felonious assault conviction, and three years for each firearm specification. While the two firearm specifications for murder were to run consecutively, the state trial court ran the two other assault firearm specifications concurrently.

Bozek subsequently appealed the trial court's sentence and made double jeopardy arguments.  The Ohio court of appeals disagreed with Bozek and affirmed the trial court's sentence,[9] then the Ohio Supreme Court declined to accept Bozek's appeal.  Now, Bozek raises the same double jeopardy arguments in the instant petition.

## II.   Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[10] controls federal courts' review of a state prisoner's habeas corpus petition.  Under AEDPA, federal courts may only consider habeas claims involving the United States' Constitution, laws, or treaties.[11]

Further, AEDPA prohibits federal courts from granting a habeas petition for any claim after a state court denied the claim on the merits unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of facts in light of the evidence presented in the State court proceeding.[12]

---

[9] *State v. Bozek*, No. 2017-P-28, 2018 WL 6448800 (Ohio Ct. App. Dec. 10, 2018).
[10] Pub. L. No. 104–132, 110 Stat. 1214 (1996).
[11] 28 U.S.C. § 2254(a).
[12] *See* 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

- 3 -

Case No. 5:20-cv-00207
GWIN, J.

Federal courts owe great deference to state-court factual determinations,[13] including those made on appeal.[14]  State-court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.[15]

A state-court factual determination is not unreasonable merely because the federal court disagrees and would have reached a different conclusion.[16]  Instead, a state-court factual determination is unreasonable when it "lack[s] even 'fair[ ] support' in the record."[17] To obtain habeas corpus, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[18]

 "[I]t is not enough for the petitioner to show some unreasonable determination of fact; rather, the petitioner must show that the resulting state court decision was 'based on' that unreasonable determination."[19]

### III.   Discussion

Petitioner Bozek cannot obtain habeas corpus from this Court, as he has not shown that the Ohio court of appeals relied on unreasonable factual determinations or unreasonably applied federal law to affirm the trial court's sentence and to reject Bozek's double jeopardy arguments.

---

[13] *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001).
[14] *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) (citing *Rushen v. Spain*, 464 U.S. 114, 120 (1983); *Sumner v. Mata*, 449 U.S. 539, 546–47 (1981)).
[15] 28 U.S.C. § 2254(e)(1).
[16] *Wood v. Allen*, 558 U.S. 290, 301 (2010).
[17] *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983) (quoting *Sumner v. Mata*, 455 U.S. 591, 592 (1982)).
[18] *Harrington v. Richter*, 562 U.S. 86, 103 (2011).
[19] *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011).

Case No. 5:20-cv-00207
GWIN, J.

In his habeas petition, Bozek raises two grounds for relief based on the Double Jeopardy Clause and related Ohio law.  First, Bozek says the trial court was wrong not to merge the attempted murder counts, the felonious assault counts, and the attendant firearm specifications because the counts are allied offenses of similar import.  Second, Bozek says the trial court was wrong (1) to divide his conduct into two parts—before and after the 911 call—and (2) to find that Bozek had a separate animus and mens rea for each part.  This Court reviews both grounds for relief together.

The Double Jeopardy Clause does forbid multiple punishments for the same offense.[20] And whether two offenses are "the same offense" is a question of legislative intent.[21]  In this federal habeas posture, legislative intent is an Ohio law question.[65]  As discussed in *State v. Ruff*, Ohio law authorizes multiple punishments for multiple offenses if any of the following factors is true: "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation."[22]

Instead of following the trial court's approach of dividing Bozek's actions into two parts and finding separate animus for each, the Ohio court of appeals focused on the first *Ruff* factor.  The Ohio court of appeals explained that the trial court satisfied the first *Ruff* factor because Bozek had inflicted a separate, identifiable harm for each of his four counts:

> The state identified each of these separate acts in the Bill of Particulars. Based on Melinda's testimony, the photographs of her injuries, and the medical records, she sustained three gunshot wounds to the chest and abdomen (attempted murder). She also sustained a gunshot wound to her leg (felonious assault). In addition, as the trial court found, the cell phone was shot out of her hand, causing her to sustain hand injuries (felonious assault). And, when she decided to try to leave, she stood up and

---

[20] *Brown v. Ohio*, 432 U.S. 161, 165 (1977).
[21] *Volpe v. Trim*, 708 F.3d 688, 696–97 (6th Cir. 2013).
[22] *State v. Ruff*, 34 N.E.3d 892, 899 (Ohio 2015) (citing R.C. 2941.25).

- 5 -

Case No. 5:20-cv-00207
GWIN, J.

a bullet grazed the top of her head (attempted murder).[23]

The Ohio court of appeals further supported its finding of the first *Ruff* factor by summarizing a prior case where the victim was shot twice in both of her legs and separate felonious assault counts did not merge:

> The victim in *Gates* testified that after the defendant shot her, she begged him not to shoot her again. He then aimed the rifle, pulled the trigger, and shot her a second time. The trial court found that the two felonious assault offenses would not merge because there were two shots separated in time under circumstances in which different parts of the victim's body were impacted. Thus, the trial court found there was separation in time, action, and intent. The Fifth District affirmed, stating, "Based on the testimony of Mrs. Gates, the shots were two separate actions, separated by time. This is not a case where a shooter fired multiple shots in close succession from an automatic weapon." *Id.* at ¶ 35. The appellate court also held that each offense caused separate, identifiable harm. *Id.* at ¶ 36. The court noted, "Brenda Gates lost her left leg to amputation as a result of the first shot. Her right leg was saved, but she had multiple surgeries to save her right leg * * *."[24]

Here, the Ohio court of appeals found separate, identifiable harm by simply pointing to Melinda's separate injuries.

The Ohio court of appeals did not discuss the second or third *Ruff* factor, as it needed to find only one *Ruff* factor.  The court of appeals had already done that and had found separate identifiable harm.  Despite this, Bozek's habeas petition only briefly touched on the first *Ruff* factor.  The petition mostly focused on the third *Ruff* factor, arguing that the trial court made unreasonable factual determinations to divide Bozek's conduct into two parts and to find that Bozek had separate animus for both parts.

In the Report and Recommendation, Magistrate Judge Grimes said that the Ohio court of appeals only made a "separate, identifiable harm" finding for the first *Ruff* factor and did not make a "separate animus" finding for the third *Ruff* factor. Judge Grimes found that "the

---

[23] *Bozek*, 2018 WL 6448800, at *8.
[24] *Id.* at *7 (discussing *State v. Gates*, 2015-Ohio-4950, 50 N.E.3d 1027).

Case No. 5:20-cv-00207
GWIN, J.

Ohio court of appeals' decision was not 'based on' facts relevant to a separate animus finding

and Bozek's § 2254(d)(2) argument falls at the first hurdle."[25]  Objecting to this conclusion,

Bozek argued that the Ohio court of appeals still relied on the unreasonable factual

determinations relevant to a separate animus finding to make a separate, identifiable harm

finding for the first *Ruff* factor.

The Court does not find that argument persuasive.  The Ohio court of appeals did not

once refer to the trial court's factual determinations—that Bozek went upstairs and reloaded

his gun—when it discussed the first *Ruff* factor and found separate, identifiable harm.  And

when the Ohio court of appeals discussed these factual determinations in the beginning of

its opinion, the Ohio court of appeals was merely summarizing the trial court's factual

determinations and the evidence that the trial court used to find the second and third *Ruff*

factors.  Even if the Ohio court of appeals did rely on these factual determinations to find the

first factor, there is evidence to support these factual determinations.  And it would not be

unreasonable for the Ohio court of appeals to adopt these factual determinations.

A recording of the 911 call shows that Melinda told the 911 dispatcher that Bozek

was "upstairs" at the time.  And based on the number of bullets in his gun and spent shells

at the scene, Bozek likely reloaded his gun.  Bozek's gun held up to eleven rounds.  But

officers found eight spent shell casings and four live rounds remaining in the gun.  Bozek

could not have fired eight shots and still had four more live rounds in his gun, so it is

reasonable to conclude that he reloaded his gun.

Bozek pointed to Detective Acklin's trial testimony where he admitted that he initially

stated in an early report that Bozek's gun contained one live round.  But Detective Acklin

---

[25] Doc. 16 at 23-24 (PageIDs 1086-1087).

Case No. 5:20-cv-00207
GWIN, J.

had explained that he wrote that report before Officer Carlini emptied out the magazine of Bozek's gun. When Officer Carlini later emptied it, four rounds were found in it. [26]

This Court similarly rejects the rest of Bozek's arguments against other factual determinations relevant to the second and third *Ruff* factors because the Ohio court of appeals did not rely on these allegedly unreasonable factual determinations to affirm the trial court's sentence.

In addition to arguing that the Ohio court of appeals made unreasonable factual determinations, Bozek argued in his objections that the Ohio court of appeals unreasonably applied Ohio law. But, under AEDPA, federal habeas courts do not review state court decisions on state law questions. Under AEDPA, the question is whether the state court unreasonably applied *federal* law, not whether the state court unreasonably applied *state* law.

This Court discusses Ohio law above to identify the factual determinations that the Ohio court of appeals used to affirm the trial court's sentence. Ohio law helps this Court assess whether state-court factual determinations are unreasonable under the AEDPA standard. And that is within the scope of the AEDPA. But this Court cannot evaluate the Ohio court of appeals' application of Ohio law. To emphasize, even if the Ohio court of appeals unreasonably applied Ohio law, this would not show a violation of federal law sufficient to give habeas relief on that basis. [27]

Finally, to support the claim that the Ohio court of appeals should have merged the firearm specifications, Bozek referred to his earlier arguments against the allegedly

---

[26] Doc. 6-2 at 129-133 (PageIDs 842-846).
[27] *See Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014).

- 8 -

Case No. 5:20-cv-00207
GWIN, J.

unreasonable factual determinations.  As this Court has already rejected the idea that the

Ohio court of appeals relied on unreasonable factual determinations, Bozek's firearm

specifications argument fails as well.

IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Grimes' Report and

Recommendation and **DENIES** Bozek's habeas petition.

IT IS SO ORDERED.


Dated: June 2, 2023                          *s/      James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE